IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TONY A. WILSON, :
        Plaintiff, :
v. : Civ. No. 16-986-LPS
GREGORY P. SINNERS, et al., :
        Defendants. :

Tony A. Wilson, Milford, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 13, 2017
Wilmington, Delaware

{{signature}}

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Tony A. Wilson ("Plaintiff"), who proceeds *pro se* and has been granted leave to proceed *in forma pauperis*, commenced this action on October 24, 2016. (D.I. 1) Plaintiff amended on December 14, 2016, the Amended Complaint was dismissed, and he was given leave to amend to cure pleading deficiencies. (D.I. 34, 35) Plaintiff filed a Third Amended Complaint on June 6, 2017. (D.I. 42) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court proceeds to review and screen the Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. BACKGROUND

Plaintiff, who is black and an Internal Revenue Service ("IRS") employee, alleges employment discrimination and intentional infliction of emotional distress. The Third Amended Complaint consists of 592 paragraphs, names 17 Defendants, and contains three Counts.[1] Named defendants include the IRS, Department of Treasury employees, and IRS employees. Throughout "Section IV Common Allegations," Plaintiff alleges that the adverse employment actions taken against him are either based upon his race or are retaliatory actions by Defendants. (D.I. 42 at ¶¶ 55-184) Most of the paragraphs in the "Common Allegations" section in the Third Amended Complaint are identical to paragraphs in the Second Amended Complaint (with different paragraph numbers) with the exception of new paragraphs 55, 84 through 87, 92 through 105, and 181 through 184. The Court will not distill the allegations in the Third Amended Complaint given their similarity to those set forth in the Second Amended Complaint. (*See* D.I. 34 at 2-6)

---

[1] John Reiter, John Koskinen, Jacob L. Lew, Kyle T. Furnas, Robert L. Brown, Lori D. Kutlik, John L. Davids, and Terry K. Lewis were named Defendants in the Second Amended Complaint. They are not named Defendants in the Third Amended Complaint. The Court considers Plaintiff to have voluntarily dismissed these former Defendants.

1

The Third Amended Complaint seeks to raise claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17; Section 501 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. §§ 701-796; the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671; and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1). (D.I. 42 at ¶¶ 4-7) Count One is brought against the IRS and Treasury Department and alleges employment discrimination and retaliation under Title VII, FMLA, and the Rehab Act. (*Id.* at ¶¶ 185-446) Counts Two and Three allege intentional infliction of emotional distress. (*Id.* at ¶¶ 447-592)

Plaintiff alleges that as a result of Defendants' actions his job performance has dropped; he has been subjected to race discrimination and harassment as well as a hostile work environment, and retaliation; he has missed educational job opportunities; and his future earning capacities have been damaged. (*Id.* at ¶¶ 160-80) Plaintiff seeks compensatory and punitive damages as well as injunctive relief. Plaintiff received a right to sue letter from the EEOC on or about March 24, 2016. (D.I. 36) He commenced this action on October 24, 2016.[2]

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis*

---

[2]Plaintiff originally attempted to raise his employment discrimination claims through amendment of his complaint in *Wilson v. Furnas*, Civ. No. 15-1087-LPS (D. Del.), an action raising claims under the FTCA. Plaintiff filed a motion for leave to amend on April 5, 2016. (*Id.* at D.I. 12) It appeared to the court that Plaintiff had filed the motion to amend (D.I. 12) in response to a notice of suit rights he received following a charge of discrimination he filed with the EEOC. (*See id.* at D.I. 25 at 8) Plaintiff indicated that he received the notice of suit rights on or about March 24, 2016. On September 23, 2016, the court denied the motion to amend without prejudice to the filing of a new action (but subject to time limitations, if any, that may preclude prevailing on the merits in such actions). (*See id.* at D.I. 25)

actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.[3] *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation

---

[3]Plaintiff is an attorney, licensed in the State of Pennsylvania.

3

marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In addition to the pleading requirements of *Iqbal* and *Twombly*, the Court has the power to dismiss a complaint that fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *See Ala' Ad–Din Bey v. United States Dep't of Justice*, 457 F. App'x 90, 91 (3d Cir. Jan. 11, 2012) (affirming district court's dismissal). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading

rules." *In re: Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). Dismissal pursuant to Rule 8 has been found warranted where a complaint is rambling, unclear and/or unwieldy. *See, e.g., Tillio v. Kent*, 477 F. App'x 881, 882 (3d Cir. Sept. 6, 2012). Dismissal under Rule 8 has also been held proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158 (3d Cir. July 21, 2011).

## IV. DISCUSSION

As noted, the Amended Complaint names 17 Defendants, consists of 592 paragraphs, and contains three Counts. Count I is directed towards the IRS, but Counts II and III are not directed to a particular Defendant or Defendants, although most of the individual defendants are referred to in both counts.

While unwieldy, Count I as currently pled appears to state claims against the IRS, Plaintiff's employer, for employment discrimination and retaliation under Title VII, the FMLA, and the Rehab Act. However, Counts II and III are not directed towards a particular defendant. Both of these Counts are titled as raising claims for intentional infliction of emotional distress, and both Counts refer to individual defendants whom Plaintiff has sued in their individual and official capacities. (*See* D.I. 42 at ¶¶ 12-42)

Given the headings of Count II and III, "intentional infliction of emotional distress," and the reference to the FTCA at page two of the Third Amended Complaint, it appears that Plaintiff is attempting to raise claims under the FTCA.[4] The FTCA is a waiver of the United States' sovereign immunity and gives federal district courts jurisdiction over claims against the United States for

---

[4]The Third Amended Complaint does not refer to any other statute or common law that might be considered as possible bases for raising intentional infliction of emotional distress claims.

5

monetary damages. 28 U.S.C. § 1346(b). The FTCA authorizes private tort actions against the government "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The United States is not a named defendant, and it appears that Counts II and III are brought against individual Defendants. Claims raised pursuant to the FTCA are required to be brought against the United States, and only the United States, in accordance with 28 U.S.C. § 1346(b) and § 2679(a). *See Dambach v. United States*, 211 F. App'x 105, 108 (3d Cir. Dec. 19, 2006); *Nazzaro v. United States*, 304 F. Supp. 2d 605, 616 (D.N.J. 2004). As pled, Counts II and III fail to state claims upon which relief may be granted. Therefore, they will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to amend Counts II and III of the Third Amended Complaint.

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss Counts II and III of the Third Amended Complaint for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and (2) give Plaintiff leave to file a fourth amended complaint to cure the pleading deficiencies as set forth in this memorandum. Should Plaintiff fail to timely file a fourth amended complaint, the matter will proceed only on Count I against the IRS, all individual defendants will be dismissed, and a service order will issue.

An appropriate Order follows.