IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TONY A. WILSON,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　: Civ. No. 16-986-LPS
　　　　　　　　　　　　　　　　　　:
GREGORY P. SINNERS, et al.,　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　Defendants.　　　　　　　　　:

Tony A. Wilson, Milford, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 19, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Tony A. Wilson ("Plaintiff"), who proceeds *pro se* and has been granted leave to proceed *in forma pauperis*, commenced this action on October 24, 2016. (D.I. 1) On December 14, 2016, the Court dismissed Plaintiff's Amended Complaint and he was given leave to amend. (D.I. 34, 35) Plaintiff filed a Third Amended Complaint on June 6, 2017, the Court then dismissed Counts II and III (on November 13, 2017), and Plaintiff was given leave to amend to cure the pleading deficiencies in Counts II and III. (D.I. 43, 44) Plaintiff filed a Fourth Amended Complaint on November 20, 2017. (D.I. 45) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court proceeds to review and screen the Fourth Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II. BACKGROUND

Plaintiff, who is black and an Internal Revenue Service ("IRS") employee, alleges employment discrimination and intentional infliction of emotional distress. The Fourth Amended Complaint consists of 626 paragraphs, names 17 Defendants, and contains three Counts.[1] Named defendants include the IRS, Department of Treasury employees, and IRS employees. Throughout "Section IV Common Allegations," Plaintiff alleges that the adverse employment actions taken against him are either based upon his race or are retaliatory actions by Defendants. (D.I. 45 at ¶¶ 55-184) Many of the paragraphs in the "Common Allegations" section in the Fourth Amended Complaint are identical to paragraphs in the Third Amended Complaint. The Court will not distill

---

[1] John Reiter, John Koskinen, Jacob L. Lew, Kyle T. Furnas, Robert L. Brown, Lori D. Kutlik, John L. Davids, and Terry K. Lewis were named Defendants in the Second Amended Complaint. They were not named as defendants in either the Third or Fourth Amended Complaints. Therefore, the Court considers Plaintiff to have voluntarily dismissed these Defendants.

1

the allegations in the Fourth Amended Complaint given their similarity to those set forth in the Third Amended Complaint.[2]

The Fourth Amended Complaint seeks to raise claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17; Section 501 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. §§ 701-796; the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671; and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1). (D.I. 45 at ¶¶ 4-7) Count One is brought against the IRS Treasury Department and alleges employment discrimination and retaliation under Title VII, FMLA, and the Rehab Act.[3] (*Id.* at ¶¶ 185-446) Counts Two and Three allege intentional infliction of emotional distress. (*Id.* at ¶¶ 447-592)

Plaintiff alleges that as a result of Defendants' actions, his job performance has dropped; he has been subjected to race discrimination and harassment, a hostile work environment, and retaliation; he has missed educational job opportunities; and his future earning capacities have been damaged. (*Id.* at ¶¶ 160-84) Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. Plaintiff received a right to sue letter from the EEOC on or about March 24, 2016. (D.I. 36) He commenced this action on October 24, 2016.[4]

---

[2]At this juncture, it is not clear that venue is appropriate in this District or if the matter should have been filed in the United States District Court for the District of Maryland. Under Title VII's exclusive venue provision, "an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). This issue may need to be addressed as this case proceeds.

[3]As previously stated in the Court's April 10, 2017 memorandum opinion, "under Title VII, civil actions against federal employers must be brought against "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c).

[4]Plaintiff originally attempted to raise his employment discrimination claims through amendment of his complaint in *Wilson v. Furnas*, Civ. No. 15-1087-LPS (D. Del.), an action raising

2

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.[5] *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the

---

claims under the FTCA. Plaintiff filed the motion for leave to amend on April 5, 2016. (*Id.* at D.I. 12) It appeared to the Court that Plaintiff had filed the motion to amend (D.I. 12) in response to a notice of suit rights he received following a charge of discrimination he filed with the EEOC. (*See id.* at D.I. 25 at 8) Plaintiff indicated that he received the notice of suit rights on or about March 24, 2016. On September 23, 2016, the Court denied the motion to amend without prejudice to the filing of a new action (but subject to time limitations, if any, that may preclude prevailing on the merits in such actions). (*See id.* at D.I. 25)

[5]Plaintiff is an attorney, licensed in the State of Pennsylvania.

screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, ___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In addition to the pleading requirements of *Iqbal* and *Twombly*, the Court has the power to dismiss a complaint that fails to comply with Rule 8 of the Federal Rules of Civil Procedure. *See Ala' Ad-Din Bey v. United States Dep't of Justice*, 457 F. App'x 90, 91 (3d Cir. Jan. 11, 2012) (affirming district court's dismissal). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together," Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re: Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). Dismissal pursuant to Rule 8 has been found warranted where a complaint is rambling, unclear and/or unwieldy. *See, e.g., Tillio v. Kent*, 477 F. App'x 881, 882 (3d Cir. Sept. 6, 2012). Dismissal under Rule 8 has also been held proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158 (3d Cir. July 21, 2011).

## IV. DISCUSSION

Similar to the Third Amended Complaint, the Fourth Amended Complaint names 17 Defendants, contains three counts, and consists of numerous paragraphs. Also similar to the Third Amended Complaint, Count I of the Fourth Amended Complaint is directed towards the IRS, while Counts II and III are not directed to a particular Defendant or Defendants, although most of the individual defendants are referred to in Counts II and III.

As previously determined by this Court, while unwieldy, Count I appears to state claims against the IRS, Plaintiff's employer, for employment discrimination and retaliation under Title VII,

5

the FMLA, and the Rehab Act. As also previously discussed, Counts II and III are titled as raising claims for intentional infliction of emotional distress, and both Counts refer to individual defendants whom Plaintiff has sued in their individual and official capacities. (*See* D.I. 45 at ¶¶ 12-43) In its November 13, 2017 memorandum opinion and order, the Court addressed the deficient pleading of Counts II and III, noting that from the reference to the FTCA and the tort claims raised it appeared Plaintiff was attempting to raise claims under the FTCA. The Court pointed out that the claims raised pursuant to the FTCA are required to be brought against the United States, and only the United States, in accordance with 28 U.S.C. § 1346(b) and § 2679(a). *See Dambach v. United States*, 211 F. App'x 105, 108 (3d Cir. Dec. 19, 2006); *Nazzaro v. United States*, 304 F. Supp. 2d 605, 616 (D.N.J. 2004). The claims in Counts II and III were dismissed and Plaintiff was given leave to amend Counts II and III.

The Fourth Amended Complaint did not cure the pleading defects. Once again, Counts II and III are not directed toward any Defendant and do not name the United States as a defendant. Therefore, Counts II and III will be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has given Plaintiff several opportunities to correct his pleading deficiencies to no avail and, therefore, finds amendment of Counts II and III futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating court may curtail or deny request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment.").

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss Counts II and III of the Fourth Amended Complaint for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); (2) dismiss all individual defendants; and (3) allow Plaintiff to proceed against the

IRS on Count I of the Fourth Amended Complaint. The Court finds futile amendment of Counts II and III.

An appropriate Order follows.