IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIFFANY I. GOOCH, Executrix of the Estate of Tony Wilson, : : : | |
| Plaintiff, : : | |
| v. : | Civ. No. 16-986-LPS |
| : | |
| UNITED STATES OF AMERICA, : INTERNAL REVENUE SERVICE, et al., : : | |
| Defendants. : | |

**MEMORANDUM ORDER**

At Wilmington this 30th day of September, 2020;

1. On May 19, 2020, the Court entered an order for Plaintiff to show cause, on or before June 12, 2020, why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1. (*See* D.I. 68) Plaintiff did not respond to the show cause order.

2. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis*

1

*v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

4. Several factors warrant the sanction of dismissal here, including Plaintiff having taken no action since October 10, 2019, when Tiffany I. Gooch, executrix of the estate of Tony Wilson, filed a motion to substitute the executrix as the proper party plaintiff (D.I. 63), the United States having filed a motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief may be granted (D.I. 65) on November 22, 2019, and Plaintiff having failed to file an answering brief; Plaintiff having failed to file a response to the May 19, 2020 show cause order; Plaintiff apparently having abandoned the case; and Plaintiff's failure to prosecute the case.

THEREFORE, it is ordered that:

1. Defendant's motion to dismiss is **DENIED** as moot. (D.I. 65)

2. The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

3. The Clerk of Court is directed to **CLOSE** the case.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

2